**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW V. AYALA,<br><br>    Plaintiff<br><br>v.<br><br>PICKENS, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00234-MMD -CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 21 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for a temporary restraining order (TRO). (ECF No. 21.) Defendants filed a response. (ECF Nos. 22, 22-1, 22-2.) Plaintiff filed a reply. (ECF No. 26.)

After a thorough review, it is recommended that Plaintiff's motion be denied as moot.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison. (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with the following claims: (1) an Eighth Amendment excessive force claim against Stolk, Pickens, Chet Rigney, Rigney, Sr., Davis, Cox, and Does 1-2; (2) an Eighth Amendment sexual assault claim against Chet Rigney; (3) an Eighth Amendment deliberate indifference to serious medical needs claim

against defendants Garcia, Searle, Stolk, Pickens, Chet Rigney, Rigney, Sr., Davis, Cox and Does 1, 2, 3, and 6; and (4) a First Amendment retaliation claim against Janicome and Doe 6.

Plaintiff subsequently filed this motion for a TRO stating that he fears for his life at ESP and that since he filed this action he has experienced threatening and unlawful behavior on the part of various correctional officers at ESP, some of whom are defendants in this action. He asks the court order these officers to stay away from him, or that he be transferred to another prison.

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

Plaintiff's motion does not discuss, let alone demonstrate that he is likely to succeed on the merits of the claims proceeding in this action. Importantly, Plaintiff will not be subjected to irreparable harm in the absence of injunctive relief. This is because Plaintiff was recently transferred from ESP to High Desert State Prison. (*See* ECF No. 31.) Since he is no longer housed at ESP in contact with these officers, his request for injunctive relief should be denied as moot.

///

///

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for TRO (ECF No. 29) as **MOOT**.

The Clerk shall **SEND** this Report and Recommendation to Plaintiff at HDSP.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 20, 2024

_____
Craig S. Denney
United States Magistrate Judge