UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW V. AYALA,<br><br>            Plaintiff,<br>    v.<br><br>PICKENS, *et al.*,<br><br>            Defendants. | Case No. 3:23-cv-00234-MMD-CSD<br><br>ORDER |

Pro se Plaintiff Matthew V. Ayala, who is currently in the custody of the Nevada Department of Corrections ("NDOC"), brings Eighth Amendment claims and a First Amendment claim under 42 U.S.C. § 1983 against Defendants Stolk, Pickens, Chet Rigney, Rigney, Sr., Davis, Cox, Garcia, Searle, Janicome and Does 1, 2, 3, and 6. (ECF No. 34 at 1-2.) Ayala filed a motion for a temporary restraining order ("TRO") (ECF No. 21) ("Motion")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Motion be denied as moot. (ECF No. 34.) Ayala did not file an objection to the R&R. The Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

Ayala requests a TRO because in 2024 while housed at Ely State Prison ("ESP"), NDOC staff members harassed him in response to his filing this case, including feeding him only once every 24 hours, refusing to give him supplies that allow him to file motions with the Court, and telling him to "fucking die." (ECF No. 21 at 1-4.) Ayala fears for his

safety and life. (*Id.* at 4.) He requests that the staff members who harassed him be ordered to "stay away" from him or for his transfer to another prison. (*Id.*)

To obtain a TRO, Ayala "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *accord All. for Wild Rockies v. Higgins*, 690 F. Supp. 3d 1177, 1185 (D. Idaho 2023) ("In general, the showing required for a [TRO] and a preliminary injunction are the same."). A TRO may also be appropriate if Ayala raises "serious questions going to the merits" and the balance of hardships tips "sharply" in his favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). The Prison Litigation Reform Act further limits the availability of preliminary injunctive relief inmates may seek against prison officials. *See* 18 U.S.C. § 3626(a)(2) (mandating that preliminary injunctive relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm").

Judge Denney found that these factors weighed against granting Ayala's Motion because he did not address his likelihood of succeeding on the merits of his claims in it. (ECF No. 34 at 3.) And while the Court appreciates the seriousness of the allegations that Ayala made regarding his mistreatment, Ayala has since been transferred from ESP to High Desert State Prison (coincidentally, as requested in his Motion) and is no longer in contact with ESP employees.[1] (ECF Nos. 31, 21 at 4.) He has not established that he is likely to interact with those employees again, and all alleged harm relating to the TRO

---

[1]Ayala must update his address by filing a written change of address form with the Court, captioned with this case number, reflecting that he is now housed at High Desert State Prison. *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.").

appears to have occurred at ESP. (ECF No. 21 at 1-4.) Thus, the Court is satisfied that Judge Denney did not clearly err in finding that Ayala has not established that he is likely to be harmed at High Desert State Prison if the TRO is not granted.

The Court will accordingly adopt Judge Denney's recommendation to deny Ayala's Motion.

It is therefore ordered that Judge Denney's R&R (ECF No. 34) is accepted and adopted in full.

It is further ordered that Ayala's motion for a TRO (ECF No. 21) is denied as moot.

It is further ordered that Ayala must file a written change of address notification per LR IA 3-1 as soon as practicable.

DATED THIS 15th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE