UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW AYALA, | Case No. 3:23-cv-00234-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| PICKENS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Matthew Ayala is an inmate in the custody of the Nevada Department of Corrections and brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is the Report and Recommendation (ECF No. 72 ("R&R")) of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' motion for summary judgment (ECF No. 63 ("Motion")) and enter judgment in favor of Defendants.[1] The parties had until March 18, 2026 to object to the R&R. To date, no objection has been filed. For that reason, and as further explained below, the Court will adopt the R&R in full.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). In the R&R, Judge Denney recommends granting Defendants' Motion in part because Plaintiff failed to administratively exhaust any of his claims under the Prison Litigation Reform Act. (ECF No. 72 at 4 (citing 42 U.S.C. § 1997e(a)).) Judge Denney however analyzes the merits of

---

[1]Plaintiff did not file a response to the Motion, despite the Court *sua sponte* granting an extension of time. (ECF No. 69.)

Plaintiff's one retaliation claim against Defendant Jannacone because Plaintiff "specifically alleges he did not complete a grievance because of Jannacone's threats."[2] (*Id.* at 5.) Defendants served Plaintiff with three requests for admission regarding his retaliation claim against Jannacone. (ECF No. 63-6.) According to Defendants, Plaintiff never responded. (ECF No. 63 at 2, 8.) When a party fails to respond to a request for admission, the relevant matters are deemed admitted and conclusively established. *See* Fed. R. Civ. P. 36(a)(3), (b). Judge Denney therefore properly concludes that it is conclusively established that Jannacone did not deny Plaintiff a meal nor did Plaintiff file an emergency grievance regarding the denial of the meal. (ECF No. 72 at 6-7.) As Judge Denney notes, Plaintiff's grievance history further confirms he did not file a grievance regarding this alleged incident. (ECF No. 63-13.) Therefore, there is no evidence before the Court that Jannacone took adverse action against Plaintiff because of his protected conduct. The Court agrees with Judge Denney that summary judgement therefore should be granted in favor of Defendant Jannacone as to the remaining retaliation claim. (ECF No. 72 at 7.)

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 72) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgement (ECF No. 63) is granted as follows: the Court grants summary judgment in favor of Defendant Jannacone on Plaintiff's First Amendment retaliation claim, all remaining claims are dismissed without prejudice for failure to exhaust administrative remedies.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] A prisoner need only exhaust *available* administrative remedies. *See Ross v. Blake*, 578 U.S. 632, 742 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"). In light of Plaintiff's allegations of Jannacone's alleged threats, Plaintiff appears to be claiming that administrative remedies were unavailable.